IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LORY FABIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.:  4:12-CV-01112 |
| vs. | ) | |
| | ) | |
| THE ST. LOUIS RAMS PARTNERSHIP, | ) | |
| et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE REGARDING ALLEGED
STATEMENTS OF KEVIN DEMOFF AND MEMORANDUM IN SUPPORT THEREOF**

COME NOW Defendants (collectively the "Rams") by counsel and for their Motion in

Limine Regarding Alleged Statements of Kevin Demoff, state the following:

1.      Plaintiff will seek to offer testimony (a) from witnesses who claim to have heard

another witness say the other witness heard the Rams' Chief Operating Officer, Kevin Demoff

say he wanted to "get rid of these middle aged women," and (b) her own testimony that Mr.

Demoff told her she was "too old" for her job.

2.      As discussed below, Mr. Demoff's "middle aged women" comment never

happened, is an inadmissible "stray remark," and would be rank hearsay because the person who

supposedly reported she had heard Mr. Demoff refer to middle aged women is not among the 69

witnesses listed in Plaintiff's pretrial materials.

3.      As also discussed below, and though asked several times, Plaintiff has never

provided a single discovery response stating that Mr. Demoff told her she was "too old" for her

job or answering any questions about the witnesses to or circumstances of this convenient

admission.  In fact, in documents she prepared and discovery responses she has signed she has

essentially denied that this statement was ever made.  Plaintiff should not, after failing to disclose or answer questions about such a statement, be permitted to testify about Mr. Demoff's supposed statement for the first time in the trial of this case.

4.     For the following reasons, Plaintiff's counsel should be ordered to make no mention (including in voir dire and opening statement), ask no questions, offer no evidence and instruct Plaintiff and his witnesses to not offer or give testimony relating to Mr. Demoff's alleged statements that (a) he wanted to get rid of these middle aged women and (b) that Ms. Fabian was too old for her job.

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

5.     In her June 20, 2012 Complaint, Plaintiff alleged age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 263(A)(1) & (2) (**Count I**), sexual discrimination, harassment and hostile work environment (**Count II**) and retaliation (**Count III**) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and common law battery (**Count IV**).

6.     In this Court's January 21, 2014 Order (Doc. #66), summary judgment was granted in favor of Defendants as to **Counts II**, **III**, and **IV**.  Accordingly, Plaintiff's only remaining claim is that of age discrimination under the ADEA (**Count I**).

### A. Mr. Demoff's Alleged (And Disputed) Statement That He Wanted To "Get Rid Of These Middle Aged Women" Is Rank Hearsay And Should Not Be Mentioned By Counsel Or By Any Witnesses.

7.     In her Complaint, answers to interrogatories and at deposition, Plaintiff has alleged that Kevin Demoff, the Rams Chief Operating Officer, made certain statements which "evidenced a pattern of age discrimination."

8.     Specifically, in Plaintiff's answer to Defendant's First Interrogatories, Interrogatory #4[1], Plaintiff stated that "On or around August of 2010, outside of Kevin Demoff's office with Debbie Pollom and Patty Schultz present, I believe Kevin Demoff said 'I just want to get rid of these middle aged women.'"

9.     At deposition, however, Plaintiff admitted that she herself did not hear Mr. Demoff's alleged inculpatory statement.  She now claims that she was told by Debbie Pollom (the Rams former Rams employee involved in the administration of the scouting program) that the statement was made.  Plaintiff believes that a Rams executive assistant, Patty Schultz, was working in that office and may have also heard Mr. Demoff's alleged statement.

10.     Ms. Schultz will testify that she never heard Mr. Demoff make this statement or any statement like it.

11.     Debbie Pollom is not among the 69 people on Plaintiff's "May Call" and "Will Call" lists of witnesses and was never deposed.  Thus, the only evidence Plaintiff can offer of this more-than-suspiciously convenient inculpatory statement by the Rams' COO is the Plaintiff's testimony of what Debbie Pollom allegedly said to her – testimony that will be disputed and discredited by Rams witnesses.

12.     Since the alleged statement is not one made by the declarant while testifying at the trial and is offered to prove the truth of the matter asserted, i.e. that Kevin Demoff said aloud that he wanted to get rid of middle aged women, the statement is inadmissible hearsay.  Rules 801(c) and 802, Federal Rules of Evidence.

---

[1] INTERROGATORY #4:  "Describe (including the date, location and all witnesses present) for all actions or comments by 'Rams management, [including] Executive Vice President, Kevin Demoff and former Rams' Head Coach Steve Spagnuolo.' which You believe 'evidenced a pattern of age discrimination' (as alleged in Paragraph 20 of Your Complaint.)"

13.     Plaintiff has no reasonable basis to believe she can present admissible evidence of the alleged statement referred to above.

**B. Mr. Demoff's alleged statement that the Plaintiff was "too old for her job" should not be mentioned by counsel or by Plaintiff's witnesses.**

14.     In Paragraph 28 of Plaintiff's Complaint, she alleges that Kevin Demoff told her she was "too old for her job."

15.     In Interrogatory #7 of  Defendant St. Louis Rams Partnership's First Interrogatories to Plaintiff, Defendants asked Plaintiff to state the date, location and Identity of all persons present when Kevin Demoff told Plaintiff that Plaintiff was "too old" for her job as alleged in Paragraph 28 of her Complaint.

16.     Plaintiff's answer to Interrogatory #7 was:  "See response to No. 4 above."  The response to Interrogatory #4 sets out detailed information about several statements allegedly made by Kevin Demoff, but says nothing about Mr. Demoff ever telling Plaintiff that she was "too old" for her job.  Plaintiff thus denied by omission that the statement was ever made.

17.     In her Statement of Uncontroverted Material Facts, Plaintiff cited Exhibit H to her deposition as "proof" that that Mr. Demoff made the alleged "too old for your job" statement but a close reading of Exhibit H (attached hereto) shows to the precise contrary and reveals that not even Plaintiff believes that Mr. Demoff made this statement.  The only reference to "too old for your job" in Exhibit H (a diary of slights and other events she kept for use in her lawsuit) is this entry recounting a statement made to Plaintiff by Mr. Demoff ("KD"):

> *KD "IT's (sic) not about being liked; in my position, I need to find people who can do their job.  (Translation:  Your (sic) too old-not young enough grinder.' (sic)*

18.     Though asked several times, Plaintiff has never testified that Mr. Demoff said she was too old for her job and thus Defendants know and would know nothing about the

circumstances of this statement should Plaintiff now decide at trial that she did hear him make this statement.

19.     In addition, the statement is so remote in time from her separation from the Rams (some 2 years) that even if it was made (which it was not), its probative value is outweighed by its certain prejudice.

20.     Finally, even if made, this alleged statement is a "stray comment" that should not be shared with the jury. This alleged remark, which was alleged to have been made years before the Rams decided not to renew Plaintiff's agreement, is inarguably unrelated to the decision-making process.  In *Kunzman v. Enron Corp.*, 902 F. Supp. 882 (N.D. Iowa 1995), the court considered the "stray remarks" doctrine and noted that whether a particular remark raises an inference of age discrimination, or is simply a "stray remark," depends upon the relationship between the remarks and the decisional process, the age-based substance of the statements, the specificity of the statements both with regard to the actual employment decision at issue such as hiring, promotion, or termination, as well as the relationship between the remark and the plaintiff's situation, and remoteness in time to the personnel decision. *Id.* at 899. The comment here (which Plaintiff interpreted as "you're too old-not young enough") was never made, but even if Mr. Demoff told Plaintiff she was too old-not young enough, the causal link between the comment and the challenged action was severed by the years that passed between the two events.

21.     Because Plaintiff has never testified about this "too old" to do your job statement and has provided no discovery regarding the date, location or persons present when Mr. Demoff allegedly told her she was "too old" for her job, despite responding to an interrogatory asking about it, she should not be permitted to surprise Defendants with testimony she has never before

5

given.  It would cause real and severe prejudice to Defendants if Plaintiff were to be allowed to refer to or put on evidence of this statement at trial.

WHEREFORE, Defendants request that the Court enter its Order In Limine that Plaintiff's counsel make no mention (including in voir dire and opening statement), ask no questions, offer no evidence and instruct Plaintiff and his witnesses to not offer or give testimony relating to the alleged statements by Kevin Demoff, unless and until Plaintiff can first establish a foundation that the statement is 1) not inadmissible hearsay, 2) relevant to the issue of age discrimination, 3) a statement which has been properly disclosed in discovery responses, 4) is not an inadmissible stray comment, 5) is not so remote in time as to be inadmissible and 6) that its probative value outweighs its prejudice and for such further Orders as the Court deems proper under the circumstances.

SHER CORWIN WINTERS LLC

  /s/Bradley A. Winters
Bradley A. Winters  #29867MO
Douglas J. Winters #65284MO
190 Carondelet Plaza, Suite 1100
St. Louis, Mo. 63105
314-721-5200
Fax: 314-721-5201
bwinters@scwstl.com
*Attorney for Defendants St. Louis Rams Partnership, The Rams Football Company, Inc., ITB Football Company, LLC and The St. Louis Rams LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2014, the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system or by hand and mailing upon the following:

**___/s/ Bradley A. Winters__**