IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORY FABIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.:  4::12-CV-0112 |
| vs. ) | |
| ) | |
| THE ST. LOUIS RAMS PARTNERSHIP, ) | |
| et al., ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE REGARDING COMMENT AND EVIDENCE RELATING TO DENIAL OF UNEMPLOYMENT BENEFITS AND NON-PAYMENT OF OVERTIME AND MEMORANDUM IN SUPPORT THEREOF**

COME NOW Defendants (collectively the "Rams") by counsel and for their Motion in Limine Regarding Comment and Evidence Relating to Denial of Unemployment Benefits and Non-payment of Overtime, state the following:

1. Plaintiff will attempt to elicit testimony and argue that the Rams somehow deprived her of unemployment benefits.  For the reasons set out below, this issue and all documents, argument and witnesses related to it should not be a part of this case.

2. Plaintiff will also attempt to elicit testimony and argue that the Rams failed to pay her overtime to which she, as a salaried employee was not entitled.  For the reasons set out below, this issue and all documents, argument and witnesses related to it should not be a part of this case.

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

3. In her June 20, 2012 Complaint, Plaintiff alleged age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 263(A)(1) & (2) (**Count I**), sexual discrimination, harassment and hostile work environment (**Count II**) and retaliation

1

(**Count III**) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and common law battery (**Count IV**).

4. In this Court's January 21, 2014 Order (Doc. #66), summary judgment was granted in favor of Defendants as to **Counts II**, **III**, and **IV**.  Accordingly, Plaintiff's only remaining claim is that of age discrimination under the ADEA (**Count** I).

A. **Plaintiff Has Not Pled That The Rams Denied Unemployment Benefits And No Cause Of Action For Such Behavior Exists.**

5. At deposition, Plaintiff testified that "I was turned down by the Rams for unemployment." (Deposition of Lory Fabian, page 134, line 1)  The statement is factually incorrect, in that the decision to pay or not pay unemployment benefits is made by the Missouri Division of Employment Security, not by the employer.  *Mo. Rev. Stat. § 288.01 et seq.*

6. There is no claim in this case that the Rams deprived or aided in depriving Plaintiff of unemployment benefits.

7. Any comment or evidence offered before the jury about Plaintiff being denied unemployment benefits would be irrelevant to any claim pled or issue raised in this case and any probative value in such evidence would be outweighed by prejudice to Defendants.

B. **Plaintiff Is Not Entitled To Overtime And Has Not Pled That The Rams Wrongfully Failed To Pay Overtime Wages To Which She Was Entitled.**

8. In at least one deposition, counsel for Plaintiff elicited testimony from a Rams employee to the effect that employees sometimes worked more than 40 hours per week but were not paid overtime to which they were entitled.  There is no claim in this case that the Rams wrongfully failed to pay overtime benefits.

9. Any comment or attempt to elicit testimony before the jury of the Rams not paying overtime would serve no purpose but to cause confusion and prejudice against

Defendants.  An order in limine precluding such evidence is appropriate where the evidence threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative.  *Lovett ex rel. Lovett v. Union Pac. R.R.,* 201 F.3d 1074, 1081 (8th Cir. Ark. 2000).

WHEREFORE, Defendants request that the Court enter its Order In Limine that Plaintiff's counsel make no mention (including in voir dire and opening statement), ask no questions, offer no evidence and instruct Plaintiff and his witnesses to not offer or give testimony relating to the denial of unemployment benefits or failure to pay overtime and for such further Orders as the Court deems proper under the circumstances.

SHER CORWIN WINTERS LLC

  /s/Bradley A. Winters
Bradley A. Winters  #29867 MO
Douglas J. Winters  #65284
190 Carondelet Plaza, Suite 1100
St. Louis, Mo. 63105
314-721-5200
Fax: 314-721-5201
bwinters@scwstl.com
*Attorney for Defendants St. Louis Rams Partnership, The Rams Football Company, Inc., ITB Football Company, LLC and The St. Louis Rams LLC*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2014, the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system or by hand and mailing upon the following:

   **/s/ Bradley A. Winters**