UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORY FABIAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 4:12-cv-01112-JAR |
| ) | |
| THE ST. LOUIS RAMS PARTNERSHIP, ) | |
| et al. ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE REGARDING ALLEGED STATEMENTS OF KEVIN DEMOFF**

(This memorandum responds to Doc. #82)

COMES NOW Plaintiff, though counsel, and for her Memorandum in Opposition to Defendants' Motion in Limine Regarding Alleged Statements of Kevin Demoff, states as follows:

The Memorandum in support of Defendants' motion includes parts A and B, which are addressed in turn.

Part A

Plaintiff stated in her response to an interrogatory that "On or around August of 2010, outside of Kevin Demoff's office with Debbie Pollom and Patty Schultz present, I believe Kevin Demoff said "I just want to get rid of these middle aged women."" Plaintiff stated in her deposition that the statement was made to Debbie Pollum and Patty Schultz and that Ms. Pollum told Plaintiff about the incident.

Plaintiff should be permitted to testify at trial about what Ms. Pollum told her because the statement is not hearsay under FRE 801(d)(2) (D) insofar as it is "a statement

1

offered against an opposing party [Mr. Demoff]" and "was made by the party's agent or employee [Ms. Pollum] on a matter within the scope of that relationship and while it existed. . . ." Therefore, Plaintiff is entitled to testify to the statement at trial.

Should the court reject Plaintiff's assertion that the decline to find that Mr. Reif's statement is not hearsay under FRE 801(d)(2)(D), the court should find that the statement is admissible under several exceptions to the hearsay rule.

FRE 803. "Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness" states that [t]he following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

(2) <u>Excited Utterance</u>.  Mr. Demoff made the statement as he exited his office in an exasperated state in reaction the conversation he'd been engaged in.  Similarly, Ms. Pollman's reaction to the incendiary statement qualified her relation of that information to Plaintiff an "excited utterance.

(3) <u>Then-Existing Mental, Emotional, or Physical Condition</u>. "A statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" Mr. Demoff's statement qualifies as a statement of intent or plan.

(21) <u>Reputation Concerning Character</u>. A reputation among a person's associates or in the community concerning the person's character . . ."  As the Fed.R.Evid. 803 advisory committee's notes state, the Reputation Concerning Character exception "recognizes the traditional acceptance of reputation evidence as a means of proving human character. McCormick §§ 44, 158."

2

Statements tending to show Mr. Demoff's character for discriminatory conduct is relevant, and therefore admissible under the hearsay exception for evidence of reputation as to character. FRE 803(21).

### Part B

Defendants assert that Plaintiff has failed to adequately support her allegation that Mr. Demoff indicated to her that she was "too old" for her job.  Contrary to Defendants' position, the weakness or strength in the record supporting Plaintiff's allegation are appropriate subjects for cross-examination/impeachment.

In a case in which Plaintiff will elicit testimony regarding Defendants' strategy of bringing in "young, inexpensive grinders", creating dead-end positions for older workers, establish that the Rams organization was hostile to senior employees, and that Mr. Demhoff made statements to Plaintiff such as "no one liked you", it is disingenuous for Defendants to urge that Plaintiff's testimony that she was told she was "too old" could be duly prejudicial to Defendants.

For the above reasons, Plaintiff respectfully requests that *Defendant's Motion in Limine Regarding Alleged Statements of Kevin Demoff*  be denied.

Respectfully submitted,

KRUSE & O'HANLON, L.L.C.

      /s/ Edward C. Kruse
Edward C. Kruse, #35595MO
2016 S. Big Bend
St. Louis, MO  63117
Telephone:  (314) 333-4141
Fax:(314) 558-3102 (fax)
edk@krhlawfirm.com
***Attorneys for Plaintiff***

A copy of the foregoing document has been sent the via the electronic court system of the United States Federal Court this 19th day of February, 2014 to:

SHER CORWIN WINTERS LLP
Michael D. Hart #27955MO
190 Carondelet Plaza, 11th Floor
St. Louis, Missouri  63105
(314) 721-5200
(314) 721-5201 (fax)
*Attorneys for Defendants*

/s/  Edward C. Kruse_____