UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORY FABIAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 4:12-cv-01112-JAR |
| ) | |
| THE ST. LOUIS RAMS PARTNERSHIP, ) | |
| et al. ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM REGARDING SCOPE OF EXAMINATION OF WITNESSES OVER THE AGE OF FORTY WHO RETIRED, QUIT OR WERE TERMINATED**

COMES NOW Plaintiff, though counsel, and for her Memorandum Regarding Scope of Examination of Witnesses Over the Age of Forty Who Retired, Quit Or Were Terminated, states as follows:

At the Pre-Trial conference in this matter, the Court took up *Defendants' Motion in Limine Regarding Rams Employees Over the Age of Forty Who Retired, Quit or were Terminated (*Document #90). However, the issue addressed by the court was not the one articulated or argued in Defendant's Motion.  That is, Defendants' motion requested that:

> For the reasons set forth above, Defendants respectfully request the Court require Plaintiff to first prove that another employee was similarly situated ***before allowing testimony or evidence from or about that employee***, and before allowing use or testimony about any charts, graphs or statistics including that employee. Defendants also request that the Court prohibit Plaintiff from making any reference to a ―pattern or practice of age discrimination, a culture of age discrimination, or any similar broad allegation of age discrimination, and/or any reference to allegations of age discrimination against employees not similarly situated to Plaintiff.

1

>Defendants also respectfully request that the Court enter its Order in Limine that ***Plaintiff's counsel make no comment and no offer of evidence before the jury, and instruct Plaintiff and her witnesses to make no comments relating generally to departures of witnesses from the Rams' employ or to witnesses identified above,*** and for such further Orders as the Court deems proper under the circumstances.

Plaintiff's Memorandum in opposition the Defendants' motion, and Plaintiff's oral argument pointed out that the cases cited by Defendants were inapposite[1]. Defendant's argument based on the standard of whether a plaintiff makes a prima facie case on a claim based on ***disparate treatment in employee discipline*** have no application to determining admissible of evidence in support of Plaintiff's claim herein.

Because that issue was not properly raised in Defendants' Motion in Limine, and Plaintiff was therefore not given an opportunity to prepare a response, Plaintiff urges the court to consider these issues in order to create a clear understanding as to the scope and substance of the orders entered at the pre-trial conference.

Evidence concerning an employer's background of discrimination in a disparate treatment case is admissible both to prove particular instances of discrimination in

---

[1] In *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. Minn. 2000). Plaintiff s claim rested on a being more harshly disciplined than a "similarly situated" employee who was not a member of a protected class. In *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994) "Harvey's complaint alleged that Anheuser-Busch had intentionally discriminated on the basis of race by terminating Harvey "for the `stated reason' of using poor judgment as a supervisor," while "imposing less severe discipline on white employees who used poor judgment as supervisors or as employees." *Id.* at  970.   Finally, *Foster v. Spring Meadows Health Care Ctr.*, LLC, 2013 U.S. Dist. LEXIS 61642, 8-9 (M.D. Tenn. Apr. 29, 2013), cited in Defendants' motion at page 9, addressed whether a plaintiff had succeeded in establishing that she was "similarly situated" to two employees whom had allegedly been disciplined less harshly than she had.

2

establishing a *prima facie* case and to show that the employer's asserted reasons are pretextual. *Phillip v. ANR Freight Sys.,* 945 F.2d 1054, 1056 (8th Cir.1991). " '[A]n employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination....' " *Id.* (emphasis added) (quoting *Hawkins v. Hennepin Technical Ctr.,* 900 F.2d 153, 155–6 (8th Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990)).[2]

*Ryther v. KARE 11*, 108 F.3d 832 (8th Cir. en banc 1997)( en banc) is on point. Like Ms. Fabian, the *Ryther* plaintiff's disparate treatment claim was based on his employer having declined to renew his contract[3] and his replacement by a younger employee. Also like Ms. Fabian, "[a]lthough Ryther did not present his case in the form of statistical evidence, he did offer testimony suggesting [Defendant's] actions 'conformed to a general pattern of discrimination' against older employees."[4]

Defendant appealed the judgment following a jury verdict in favor of plaintiff. Among Defendant's points on appeal bears directly on the issues argued at the Pre-Trial Conference herein. The Court stated: "KARE 11 dismisses the testimony of three former KARE 11 employees that the station **was systematically ridding itself of older employees** because those employees were **dissimilarly situated** and because " 'individual employees' opinions of actions taken by their employer, ... in themselves, are insufficient to support [Ryther's] argument that his age was a determining factor in his discharge.' " Appellants'

---

[2] *Phillip* and *Hawkins* are discussed below.

[3] Id. at 834.

[4] Id. at 842. *See* Fabian Complaint at paragraph 20: "Prior to Plaintiff's firing, the actions and comments by[Defendants] evidenced a pattern of age discrimination." And paragraph 32: "The above events show a pattern and practice of age discrimination." [Paragraphs 20 and 32 are included in count I of the complaint, which count survived summary judgment.]

Br. at 35 (quoting *Morgan,* 897 F.2d at 950 (alteration ours)) (citations omitted). As to KARE 11's reliance on *Morgan,* we think Judge John R. Gibson's opinion for this court in *Morgan* supports our conclusion:

> Much of the testimony recited above can be described as no more than individual employees' opinions of actions taken by their employer, which, *in themselves,* are insufficient to support Morgan's argument that his age was a determining factor in his discharge. There was, however, evidence that, during Tinker's administration, *a pattern of employees over the age of forty leaving the circulation department and being replaced by younger employees developed.* As we observed in *MacDissi v. Valmont Industries, Inc.,* 856 F.2d 1054 (8th Cir.1988), in a similar context, "[t]his fact is certainly not conclusive evidence of age discrimination *in itself, but it is surely the kind of fact which could cause a reasonable trier of fact to raise an eyebrow, and proceed to assess the employer's explanation for this outcome.*" *Id.* at 1058.

(Emphasis added.)

Quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Court stated:

> Other evidence that may be relevant to any showing of pretext includes facts as to the [employer's] ... general policy and practice with respect to [older persons'] employment. On the latter point, statistics as to [defendant's] employment policy and practice may be helpful to a determination of whether [its] refusal to rehire [plaintiff] conformed to a general pattern of discrimination against [older employees].
> 411 U.S. at 804–05, 93 S.Ct. at 1825–26 (footnote and citations omitted).

> Although Ryther did not present his case in the form of statistical evidence, he did offer testimony suggesting KARE 11's actions "conformed to a general pattern of discrimination" against older employees. *Id.* at 805, 93 S.Ct. at 1825–26."

108 F.3d at 842.

4

Failing to allow evidence regarding other employees has been described as crippling to the plaintiff's ability to prove the defendant's motive. "A plaintiff's ability to prove discrimination indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance or excessive mistrust of juries." *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988) (reversing verdict for defendant where trial judge failed to allow evidence of similarly situated employees and complaining customers) ( citing Riordan v. Kempiners, 831 F.2d 690, 697-98 (7th Cir. 1987) (J. Posner). In *Estes*, "the Court prevented Estes from presenting the jury with evidence that Ford excluded blacks from its workforce, that Ford had fired two other employees specifically because of their ages, that Ford's service department offered free rides to white customers while black customers were told to rent cars. . . . Estes argues that these evidentiary exclusions significantly handicapped him in persuading the jury of the likelihood of discriminatory animus."[5] The Court agreed, stating that the trial court had erroneously excluded the evidence under FRE 403[6].

The court noted an important point to be considered in applying the FRE 403 balancing test to discrimination cases:

> "Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices—evidence which in other kinds of cases may well unfairly prejudice the jury against

---

[5] 856 F.2d at 1101.

[6] FRE 403 states: The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

5

the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive."

Id. at 1102.

Finally, *Hawkins v. Hennepin Tech. Ctr.,* 900 F.2d 155-6 (8th Cir. 1990), and *Phillip v. ANR Freight Sys.,* 945 F.2d 1054, 1056 (8th Cir. 1991) are on point herein.  Each of these Eighth Circuit cases reversed a judgment for the employer because the trial court had refused to allow the respective plaintiff/employee to admit evidence of discrimination that had been directed at others. Particularly, the plaintiff in *Hawkins v. Hennepin Tech. Ctr.,* 900 F.2d 155-6 (8th Cir. 1990) had asserted a retaliation claim and sought to introduce evidence of sexual harassment directed at her ***and at others***. *Id.* at 155-56. The court explained:

> Because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, *this evidence should normally be freely admitted at trial.*
>
> Thus, it is not sufficient that the Magistrate allowed testimony that complaints of sexual harassment were made *while disallowing testimony concerning the activities complained of and the Center's disposition of the complaints. Hawkins's claim is unlawful retaliation.* But an atmosphere of condoned sexual harassment in a workplace *increases the likelihood of retaliation* for complaints in individual cases. Hawkins is entitled to present *evidence* of such an atmosphere.

*Hawkins,* 900 F.2d at 155-6.

Similarly, in *Phillip v. ANR Freight Sys.,* 945 F.2d 1054, 1056 (8th Cir. 1991), the court held that in an age discrimination suit, the employee should

6

have been permitted to introduce evidence of other age discrimination lawsuits filed against the employer. *ANR Freight* found that such background evidence could be critical for the jury's assessment of whether the employer was more likely than not to have acted from an unlawful motive and, indeed, the exclusion of such evidence is erroneous because it deprives plaintiff of "a full opportunity to present her case to the jury." *Id*. at 1056.

  For the reasons set out herein, Plaintiff respectfully requests that the Court provide Plaintiff the opportunity to elicit testimony from witnesses over the age of forty who retired, quit or were terminated in accordance with the cases cited herein.

            Respectfully submitted,

            KRUSE & O'HANLON, L.L.C.

             /s/ Edward C. Kruse
            Edward C. Kruse, #35595MO
            2016 S. Big Bend
            St. Louis, MO  63117
            Telephone:  (314) 333-4141
            Fax:(314) 558-3102 (fax)
            edk@krhlawfirm.com
            ***Attorneys for Plaintiff***

A copy of the foregoing document has been sent the via the electronic court system of the United States Federal Court this 23rd day of February, 2014 to:

SHER CORWIN WINTERS LLP
Michael D. Hart #27955MO
190 Carondelet Plaza, 11th Floor
St. Louis, Missouri  63105
(314) 721-5200
(314) 721-5201 (fax)
***Attorneys for Defendants***

             /s/  Edward C. Kruse