## Instruction No. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions -- the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.

You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

## Instruction No. 2

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

## Instruction No. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way, how a witness acted while testifying, whether a witness said something different at another time, whether a witness's testimony sounded reasonable, and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## Instruction No. 4

You will have to decide whether certain facts have been proved. A fact has been proved if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

## Instruction No. 5

Your verdict must be for the plaintiff on the plaintiff's age discrimination claim if all the following elements have been proved:

*First*, the defendants ceased to employ the plaintiff; and

*Second*, the defendants would not have ceased to employ the plaintiff but for the plaintiff's age.

If any of the above elements has not been proved, your verdict must be for the defendants.

"But for" does not require that age was the only reason for the decision made by the defendants. You may find the defendants would not have ceased to employ the plaintiff "but for" the plaintiff's age if it has been proved that the defendants' stated reasons for their decision are not the real reasons, but are pretext to hide age discrimination.

## Instruction No. 6

Your verdict must be for defendants on the plaintiff's age discrimination claim unless it has been proved that:

*First*, the defendants ceased to employ the plaintiff; and

*Second*, the defendants would not have ceased to employ the plaintiff but for the plaintiff's age.

## Instruction No. 7

If you find in favor of the plaintiff under Instruction 5, then you must decide whether the conduct of the defendants was "willful." You must find the defendants' conduct was willful if it has been proved that, when the defendants ceased to employ the plaintiff, the defendants knew their conduct was in violation of the federal law prohibiting age discrimination, or acted with reckless disregard of that law.

## Instruction No. 8

You may not return a verdict for the plaintiff just because you might disagree with the defendants' decision or believe it to be harsh or unreasonable.

**Instruction No. 9**

If you find in favor of the plaintiff under Instruction 5, then you must award the plaintiff damages in the sum of One Hundred Forty-Four Thousand Dollars ($144,000).

## Instruction No. 10

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges -- judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the marshal and I will answer

you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone -- including me -- how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case.  You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the marshal that you are ready to return to the courtroom