IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LORY FABIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.:  4:12-CV-1112 |
| vs. | ) | |
| | ) | |
| THE ST. LOUIS RAMS PARTNERSHIP, | ) | |
| et al., | ) | |
| Defendants. | ) | |

### MOTION OF DEFENDANTS ST. LOUIS RAMS PARTNERSHIP, THE RAMS FOOTBALL COMPANY, INC., ITB FOOTBALL COMPANY, LLC AND THE ST. LOUIS RAMS LLC FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF ALL OF THE  EVIDENCE

COME NOW Defendants (collectively the "Rams"), and for their Motion For Judgment As A Matter Of Law At The Close Of All Of The Evidence state as follows:

1.      Defendants are entitled to judgment as a matter of law in that Plaintiff has failed to prove a submissible case against the Rams in that Plaintiff has failed to prove by the preponderance of the evidence that the Rams would not have discharged Plaintiff or declined to renew her employment contract "but for" her age.  Plaintiff has presented insufficient evidence to support an inference of age discrimination.

2.      Defendants are entitled to judgment as a matter of law in that Plaintiff has failed to produce sufficient evidence to support a conclusion that the articulated reasons for the non-renewal of her contract were a pretext for age discrimination.

3.      Defendants are entitled to judgment as a matter of law as to Plaintiff's claim for liquidated damages as Plaintiff has failed to prove that any of the Defendants willfully violated the Age Discrimination in Employment Act or acted willfully to discriminate against Plaintiff because of her age.  Specifically, the alleged statement of Bob Rief that the Rams were afraid of

Plaintiff because of "age discrimination" does not support such a finding.  The statement is too remote in time, too vague in its meaning and was made by a contract worker not shown to have played any part in the decision-making regarding non-renewal of Plaintiff's employment contract.

4.      Plaintiff has failed to prove a submissible case against the Rams in that Plaintiff has failed to prove that she ever requested or applied for an extension of her employment contract which expired June 30, 2011.  Absent such a request, the Rams would have no duty to renew her contract.  Accordingly, Plaintiff has failed to prove that she suffered an adverse employment action.  The courts have found that denial of a requested contract renewal can be an adverse employment action.  *Leibowitz v. Cornell University,* 584 F.3d 487, 501 (2d Cir. 2009) (emphasis added).  However, where there has been no request for renewal, those cases do not apply.

5.      Plaintiff's employment contract, signed well over a year before the expiration of the contract, provided that her employment was to end June 30, 2011.  Accordingly, if Plaintiff was subject to adverse employment action, that adverse action occurred at the time she signed the contract, more that 180 days before she filed her charge with the Missouri Human Rights Commission and the EEOC.  Accordingly, any claim based upon that adverse employment action is barred by the applicable statutes of limitation and filing requirements.

6.      Plaintiff has failed to prove a submissible case against Defendant St. Louis Rams Partnership in that said entity was a partnership and therefore not a proper party to sue or be sued. Further, Plaintiff has failed to prove that Defendant St. Louis Rams Partnership was in existence at the time of Plaintiff's alleged discharge, although Defendants have pled in their Answer that it was not.

7.      Plaintiff has failed to prove a submissible case against Defendant The Rams Football Company, Inc., for the reason that Plaintiff has not proved that she was employed by said Defendant at the time of the acts or omissions alleged against it in the Complaint.  Further, Plaintiff has failed to prove that said Defendant was in existence at the time of Plaintiff's alleged discharge or at the time suit was filed.

8.      Plaintiff has failed to prove a submissible case against Defendant ITB Football Company LLC, for the reason that Plaintiff has not proved that she was employed by said Defendant or that any agent or employee of said Defendant committed any of the acts or omissions alleged against it in the Complaint.  Further, Plaintiff has failed to prove that said Defendant was in existence at the time of Plaintiff's alleged discharge or at the time suit was filed.

9.      Plaintiff has failed to prove a submissible case against any of the named defendants in that she has failed to prove she was employed by any of the named defendants at the time of the alleged adverse employment action.

**SHER CORWIN WINTERS LLC**

_____/s/ Bradley A. Winters_____
Bradley A.Winters #29867MO
190 Carondelet Plaza, Suite 1100
St. Louis, Mo. 63105
314-721-5200
Fax: 314-721-5201
bwinters@scwstl.com

*Attorney for Defendants St. Louis Rams Partnership, The Rams Football Company, Inc., ITB Football Company, LLC and The St. Louis Rams LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2014, the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system or by hand and mailing upon the following:

Edward C. Kruse #35595
KRUSE & O'HANLON, L.L.C.
2016 S. Big Bend
St. Louis, Missouri  63117
(314) 333-4141
(314) 558-3102 (fax)

ATTORNEYS FOR PLAINTIFF


/s/ Bradley A. Winters